IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOMAC DRILLING, LLC, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-14-0155-C |
| ) | |
| USEDC OKC, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Compel of Plaintiff Nomac Drilling, L.L.C. (Dkt. No. 116), filed on October 12, 2015. Defendants have responded (Dkt. No. 118) and Plaintiff has replied (Dkt. No. 121). The Motion is at issue.

The instant lawsuit arises out of a dispute over a drilling contract between Plaintiffs and Defendants U.S. Energy Development Corporation and its subsidiary USEDC OKC. Plaintiff alleges that Defendants refused to pay Plaintiff its "dayrate compensation" after an unsuccessful completion of one of the wells. Defendants have counterclaimed for negligence, gross negligence, and breach of contract. Defendants also argue that the drilling contract at issue is an unenforceable adhesion contract and that Defendants had a lack of bargaining power at the time of the contract. Plaintiff brings this Motion to Compel after Defendants' objections to certain interrogatories and requests for production.

Under the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).[*]

**Plaintiff's Requests for Production and Interrogatory Responses**

In Request for Production 9, Plaintiff seeks a copy of all documents and correspondence relating to the relevant duties and responsibilities of Defendant USEDC in its role as operator of the Subject Well with regard to the downhole equipment, supervision and oversight, and downhole drilling, completion, and remediation decisions in the Subject Well. Defendants object, alleging that the request is vague and overly broad. The Court finds that the request is neither vague nor overly broad; therefore Defendants are ordered to supplement all documents relating to this request. In the same vein, Defendants should supply a sufficient answer to Interrogatory No. 2.

In Requests for Production 39 and 40, Plaintiff requests Defendants' financial statements and tax returns, respectively. Defendants object on the basis of relevancy. Plaintiff argues that the production of these documents would show the bargaining power of Defendants, which is key in determining whether the contract at issue is an unenforceable adhesion contract. The Court agrees and orders Defendants to respond to Requests for Production 39 and 40. Likewise, Defendants should supply sufficient answers to Interrogatories 19 and 21.

---

[*] The quoted language is the version of Rule 26(b)(1) effective 12/1/15. The change in Rule 26 does not appear material to the rulings announced herein.

In Requests for Production 19 and 20, Plaintiff requests all communications and agreements, including settlement agreements, between the Defendants and Halliburton, Kratech, or Grace, as well as any documents showing payments made for settlement. Plaintiff has shown no relevance of this information and the request is denied. Likewise, the Motion to Compel response to Interrogatory No. 25 is denied.

In Requests for Production 44 and 45, Plaintiff requests all drilling contracts from 2008 to present that were executed by or on behalf of U.S. Energy and/or USEDC, and documents related to the negotiation of risk allocation provisions in those contracts. Defendants object on the basis that both parties agreed, in a good faith conference, to keep the discovery time frame from 2011-2014. There is much debate about what the agreement is, or was, but in the absence of any documentation of it, and in the absence of any other objection to production, the Court finds there is no agreement which binds the parties and the documents must be produced. However, as to Requests for Production 55 and 56, requesting the same documents described in 44 and 45 coming into existence during the remainder of the litigation, this is unduly burdensome and unrealistic. The Motion is denied as to Requests for Production 55 and 56.

In Request for Production 46, Plaintiff requests all Master Service Agreements that were executed by U.S. Energy, USEDC, or any of their subsidiaries, parent companies, or affiliates between 2008 to the present. Defendants object, arguing that they have produced these documents consistent with the 2011-2014 discovery time frame. For the same reason

3

as stated above, the Court orders production of these documents for the years 2008 to the present.

As to Requests for Production 47-49 and 54, Defendants have agreed to supply these documents but only for the years allegedly agreed to by the parties (2011-2014). This Court orders Defendants to supply all requested documents from 2008 to the present.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Compel (Dkt. No. 116). Defendants are ordered to supplement its responses to Plaintiff's Requests for Production 9, 39, 40, 44-49, and 54, as well as Interrogatories 2, 19, and 21, on or before December 17, 2015, or at a more convenient time agreed to by both parties. No fees or costs will be awarded in connection with this Motion.

IT IS SO ORDERED on this 14th day of December, 2015.

ROBIN J. CAUTHRON
United States District Judge