IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOMAC DRILLING, LLC, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-14-0155-C |
| ) | |
| USEDC OKC, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants USEDC OKC, LLC ("USEDC") and U.S. Energy Development Corporation ("U.S. Energy") (collectively "Defendants") filed the present Motion for Judgment on the Pleadings (Dkt. No. 99) pursuant to Fed. R. Civ. P. 12(c), arguing that Plaintiff's Complaint fails to state a claim against them. The Motion has been fully briefed by both sides and is now at issue.

BACKGROUND

The instant lawsuit arises out of a dispute over a drilling contract between Nomac Drilling and Defendants U.S. Energy Development Corporation and its subsidiary USEDC OKC. Plaintiff alleges that Defendants refused to pay Plaintiff its "dayrate compensation" after an unsuccessful completion of one of the wells. Plaintiff sued Defendants for breach of contract, *quantum meruit*, unjust enrichment, and for foreclosure of a lien. Defendants have counterclaimed for negligence, gross negligence, and breach of contract. Defendants filed this Motion alleging that Nomac Services was not a party to the Daywork Drilling Contract and therefore cannot bring claims against Defendants. Further, Defendants allege

that U.S. Energy was not a party to the Contract and therefore cannot be liable for those claims.

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Ramirez v. Dep't of Corr., 222 F.3d 1238, 1240-41 (10th Cir. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In evaluating a motion for judgment on the pleadings, the Court applies the same standards applicable to a 12(b)(6) motion, accepting all well-pleaded facts as true and construing all reasonable inferences therefrom in favor of the plaintiff. Id. at 1240. The Court must confine its review to matters contained in or attached to the pleadings. Fed. R. Civ. P. 12(c).

## DISCUSSION

Claims by Nomac Services

Nomac Services separately filed an unopposed Motion to Dismiss its claims (Dkt. No. 102) which was granted by the Court (Dk. No. 108). Therefore Defendants' claims in this Motion against Nomac Services are moot.

Claims against U.S. Energy

Defendants argue that U.S. Energy is not a proper party to the breach of contract action brought by Plaintiff. They further argue that Nomac's drilling lien statement establishes that USEDC was the operator of the well and that Nomac Drilling furnished

2

labor, services, and materials to USEDC, not U.S. Energy; therefore U.S. Energy is entitled to judgment on the pleadings against Nomac Drilling on the claim for foreclosure of a mechanic's and materialman's lien. Last, Defendants argue that Nomac Drilling cannot recover against U.S. Energy under theories of unjust enrichment or *quantum meruit*.

The standard for consideration of a motion for judgment on the pleadings is the same that is used in a motion to dismiss, set forth in the Supreme Court's decision in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and the subsequent decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. <u>Id.</u> Thus, the starting point in resolving Defendants' Motion is to examine the factual allegations supporting each claim that Defendants wish the Court to dismiss. Under these standards, Plaintiff has provided enough factual allegations to nudge its claims across the line from conceivable to plausible.

## CONCLUSION

Accordingly, the Court DENIES Defendants' Motion for Judgment on the Pleadings (Dkt. No. 99).

IT IS SO ORDERED on this 17th day of December, 2015.

ROBIN J. CAUTHRON
United States District Judge

3