IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NOMAC DRILLING, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-0155-C |
| | ) | |
| USEDC OKC, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants U.S. Energy Development Corporation ("U.S. Energy") and its subsidiary USEDC OKC filed this Motion to Dismiss (Dkt. No. 135) Third-Party Defendant Grace Consulting Services, Inc.'s ("Grace") cross-claim for indemnity. The Motion has been fully briefed by both sides and is now at issue.

BACKGROUND

The instant lawsuit arises out of a dispute over a drilling contract between Plaintiff Nomac Drilling, LLC ("Nomac") and Defendants U.S. Energy Development Corporation ("U.S. Energy") and its subsidiary USEDC OKC. Plaintiff alleges that Defendants refused to pay Plaintiff its "dayrate compensation" after an unsuccessful completion of one of the wells. Plaintiff sued Defendants for breach of contract, *quantum meruit*, unjust enrichment, and for foreclosure of a lien. Defendants have counterclaimed for negligence, gross negligence, and breach of contract, on the basis that Nomac did not perform its duties. Nomac asserts third-party claims of negligence against Grace and Kratech Energy, Inc. ("Kratech"), alleging that it acted at the direction of these entities. Grace was hired by

Kratech to serve as a consultant to the well site. Kratech and U.S. Energy entered into a Consulting Agreement (the "Agreement") which included an indemnity clause precluding liability to consultants and agents. U.S. Energy and USEDC OKC bring this Motion seeking dismissal of Grace's indemnity claim.

## STANDARD OF REVIEW

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and the subsequent decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. <u>Id.</u> Thus, the starting point in resolving Defendants' Motion is to examine the factual allegations supporting each claim that Defendants wish the Court to dismiss.

## DISCUSSION

Defendants seek dismissal of Grace's indemnity claim alleging that Grace's Motion for Leave to File a Cross-Claim (Dkt. No. 126) should have been denied by this Court because it was not timely brought. Courts are given discretion to deny a motion for leave to amend due to the motion being untimely. <u>Hayes v. Whitman</u>, 264 F.3d 1017, 1026 (10th Cir. 2001). Courts will typically deny motions of this kind when it is prejudicial to Defendants. <u>Frank v. U.S. West, Inc</u>. 3 F.3d 1357 (10th Cir. 1993). Grace's indemnity claim is not

prejudicial to Defendants because this Court, by request of counsel, extended all deadlines of this case by a year. Defendants also seek dismissal of Grace's indemnity claim, arguing that the claim is futile and fails to state a claim upon which relief may be granted. The standard for a motion to dismiss is not to be confused with the standard for a motion for summary judgement. Here, Defendants are challenging Grace's ability to prove its claim, rather than whether Grace has enough facts sufficient to state a claim. This is not the function of a motion to dismiss. Whether Grace will be able to successfully survive a motion for summary judgment under these same facts is addressed in the accompanying Memorandum Opinion and Order[1]; however, the allegations pleaded by Grace sufficiently state a plausible claim to relief and survive this Motion to Dismiss. Further, the claim is not futile for reasons stated in the accompanying Order.

Defendants also allege that Grace's indemnity claim does not come within the indemnity provision found in the Consulting Agreement between U.S. Energy and Kratech. The accompanying Order also addresses this issue. Finally, Defendants argue that Grace cannot seek indemnification against USEDC because USEDC was not a party to the Consulting Agreement. Grace concedes that USEDC is not a named party to the Agreement, but argues that USEDC was acting as the alter ego of U.S. Energy. At this stage in the litigation, Grace is not required to prove the elements of an alter ego theory; alter ego theory is a question of fact for the jury.

---

[1] See Order ruling on Grace's Motion for Summary Judgment.

## CONCLUSION

Accordingly, the Court DENIES Defendants U.S. Energy Development Corporation's and USEDC OKC, LLC's Motion to Dismiss Grace Consulting Services, Inc.'s Cross-Claim for Indemnity (Dkt. No. 135).

IT IS SO ORDERED on this 16th day of June, 2016.

ROBIN J. CAUTHRON
United States District Judge