IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOMAC DRILLING, L.L.C., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-14-0155-C |
| USEDC OKC, LLC, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Third-Party Defendant Grace Consulting Services, Inc. ("Grace") has filed a Motion for Summary Judgment (Dkt. No. 117). The Motion has been fully briefed by both sides and is now at issue.

BACKGROUND

The instant lawsuit arises out of a dispute over a drilling contract between Plaintiff Nomac Drilling, LLC ("Nomac") and Defendants U.S. Energy Development Corporation ("U.S. Energy") and its subsidiary USEDC OKC. Plaintiff alleges that Defendants refused to pay Plaintiff its "dayrate compensation" after an unsuccessful completion of one of the wells. Plaintiff sued Defendants for breach of contract, *quantum meruit*, unjust enrichment, and for foreclosure of a lien. Defendants have counterclaimed for negligence, gross negligence, and breach of contract, on the basis that Nomac did not perform its duties. Nomac asserts third-party claims in negligence against Grace and Kratech Energy, Inc. ("Kratech"), alleging that it acted at the direction of these entities. Grace was hired by Kratech to serve as a consultant to the well site. Kratech and U.S. Energy entered into a

Consulting Agreement (the "Agreement") which included an indemnity clause precluding liability to consultants and agents.  Grace brings this Motion for Summary Judgment seeking the Court to find that, as a matter of law, the Agreement is enforceable and U.S. Energy is required to indemnify Grace for any claims, liabilities, or losses arising out of the work on the Coyote Well (the "well").

## STANDARD OF REVIEW

Summary judgment is properly granted if the movant shows that no genuine dispute as to any material fact exists and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted).  If the movant satisfactorily demonstrates an absence of genuine issue of material fact with respect to a dispositive issue for which the non-moving party will bear the burden of proof at trial, the non-movant must then "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324 (quoting Fed. R. Civ. P. 56(e)).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita

Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). When considering a motion for summary judgment, a court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

DISCUSSION

U.S. Energy and Kratech entered into the Agreement which contained the following indemnity clause:

> Client [U.S. Energy] agrees to hold harmless the ***Consultant [Kratech] and its affiliates***, members, officers, employees, contractors, consultants and agents [Grace] from and against any and all claims, damages, losses, liabilities, deficiencies, actions, suits, proceedings, costs or legal expenses (collectively, "Losses") arising out of or resulting from the performance of the Services, except to the extent such Losses were the result of ***misconduct or gross negligence*** of Consultant. This Indemnification shall survive the termination of this agreement.

(Grace's Mot. for Summ. J., Dkt. No. 117, Ex. 1, p. 6) (emphasis added).

Before reaching the merits of this Motion, there is a question as to what law applies when interpreting the Agreement. It is well-settled law that in a diversity case, federal courts apply the choice of law provisions of the forum state. Progressive Cas. Ins. Co. v. Engemann, 268 F.3d 985, 987 (10th Cir. 2001). Oklahoma, as the forum state, recognizes valid contractual choice-of-law provisions. Dean Witter Reynolds, Inc. v. Shear, 1990 OK 67, 796 P.2d 296, 299. In Oklahoma, for contract actions, unless the contract language provides otherwise, the interpretation of a contract is governed by the law in the state in which the contract was made. Harvell v. Goodyear Tire & Rubber Co., 2006 OK 24, ¶ 14,

164 P.3d 1028, 1033-34. In applying this test to the Agreement, Oklahoma law applies. However, although the Agreement does not contain a stand-alone choice of law provision, it does contain a dispute resolution section which provides that in the event of arbitration, the arbitrator is to apply the laws of the State of Texas. It is evident that had the parties intended for Texas law to apply in litigation, they could have included such a provision, just as they did for arbitration. They did not, and thus Oklahoma law applies.

This Motion hinges on the interpretation of the word "misconduct" found in the Agreement. When a contract is unambiguous, the Court looks to the four corners of the contract to determine the meaning. Lewis v. Sac & Fox Tribe of Okla. Hous. Auth., 1994 OK 20, 896 P.2d 503, 514. However, a contract is considered ambiguous when its meaning is susceptible to more than one interpretation. Heritage Res., Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996). When interpreting an ambiguous contract, courts give terms found in a contract their plain and ordinary meaning, unless a technical term is present. Id.; Pitco Prod. Co. v. Chaparral Energy, Inc., 2003 OK 5, ¶ 14, 63 P.3d 541, 546.

Grace argues that the indemnity clause in the Agreement protects Grace from any losses because Grace is a consultant of Kratech. U.S. Energy argues that indemnification is not applicable because Grace's losses were caused by Grace's own actions. The plain language of the indemnity clause states, in essence, that Grace is held harmless as Kratech's consultant ***except*** when such losses were the result of Grace's "misconduct or gross negligence." Three parties have asserted claims against Grace and the Court will discuss each independently to determine if indemnification is warranted.

First, Nomac asserts claims against Grace alleging that the damages caused to U.S. Energy were caused "solely or in part by the negligence, gross negligence, carelessness or other improper conduct of Grace." (Dkt. No. 34, ¶ 11.) Because Nomac asserts gross negligence claims against Grace, Grace is not entitled to summary judgment on claims made by Nomac against Grace.

Second, USEDC asserts a third-party claim against Grace for negligence and states that Grace "failed to exercise reasonable care and to comply with industry standards." (Dkt. No 48, p. 17, ¶ 27.) The Court finds that failing to comply with industry standards simply defines the duty of care in a negligence claim and is by no means synonymous with "misconduct." See, e.g., Lompe v. Sunridge Partners, LLC, 818 F.3d 1041, 1055 (10th Cir. 2016) ("'The aggravating factor which distinguishes willful misconduct from ordinary negligence is the actor's state of mind.'" (citation omitted). "Misconduct" is defined as "improper conduct; wrong behavior."[1] The Court concludes that Grace's actions are included under the indemnity clause for any claims made by USEDC against Grace.

Third, Kratech also asserts negligence claims against Grace, alleging that "Grace was negligent in providing its services in connection with [the well]." (Dkt No. 58, p. 15, ¶ 30.) Whether indemnification is warranted for the claims made by Kratech against Grace depends on whether the word "misconduct," found in the indemnity clause, includes "negligence."

---

[1] Dictionary.com, http://dictionary.reference.com/browse/misconduct?s=t (last visited Jun. 16, 2016).

As stated above, the Court finds in the negative, and holds that Kratech's claims against Grace come within the terms of the indemnity clause as a matter of law.

CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART Third-Party Defendant Grace Consulting Services, Inc.'s Motion for Summary Judgment (Dkt. No. 117). The Motion is GRANTED to the extent Grace seeks indemnity for USEDC's and Kratech's claims. The Motion is DENIED to the extent Grace seeks indemnity for Nomac Drilling's claims. Defendants U.S. Energy Development Corporation's and USEDC OKC, LLC's Motion to Strike Grace Consulting Services, Inc.'s Reply to Defendants Supplemental Response to Grace Consulting Services, Inc.'s Supplemental Brief in Support of Its Motion for Summary Judgment (Dkt. No. 152) is GRANTED[2] and Third-Party Defendant Grace Consulting, Inc.'s Supplemental Brief to Motion for Summary Judgment (Dkt. No. 134) is STRICKEN.

IT IS SO ORDERED on this 16th day of June, 2016.

ROBIN J. CAUTHRON
United States District Judge

---

[2] The Court did not rely on this Reply in deciding this Order.